UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

NADIA JOSIE-DELERME,

              Plaintiff,

        - against -

AMERICAN GENERAL FINANCE CORPORATION,
et al.

              Defendants.

- - - - - - - - - - - - - - - - - -X

ORDER

CV 2008-3166 (NG)(MDG)

      Plaintiff Nadia Josie-Delerme asserts claims that defendant American General Finance Corporation ("AGF") terminated her employment because of her race and sex in violation of Title VII of the Civil Rights Act of 1964, the Family Medical Leave Act and the Pregnancy Discrimination Act of 1978. While applying for employment and again during her orientation after she began working for AGF, plaintiff executed agreements to arbitrate any "employment related claims against the company . . . or another employee." Pointing to these agreements, defendants AGF, Franco Galia, and Rick Krompinger (collectively the "defendants") moved to dismiss and to compel arbitration. They now also move for a stay of discovery pending the Court's decision on their motion. See ct. doc. 15. Plaintiff did not file any opposition to the defendants' application by the February 20, 2009 deadline set at a prior conference. For the following reasons, this application is granted.

DISCUSSION

A party seeking a stay of discovery pursuant to Fed. R. Civ. P. 26(c) bears the burden of showing good cause. Telesca v. Long Island Hous. P'ship, Inc., No. CV 05-5509, 2006 WL 1120636, at *1 (E.D.N.Y. Apr. 27, 2006); Spencer Trask Software & Info. Servcs., LLC v. RPost Int'l Ltd., 206 F.R.D. 367, 368 (S.D.N.Y. 2002). The pendency of a dispositive motion is not, in itself, an automatic ground for a stay. Id. Rather, a court determining whether to grant a stay of discovery pending a motion must look to the particular circumstances and posture of each case. Hachette Distribution, Inc. v. Hudson County News Co. Inc., 136 F.R.D. 356, 358 (E.D.N.Y. 1991). Courts consider the following factors in determining whether a stay is appropriate: 1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; 2) the breadth of discovery and the burden of responding to it; and 3) the risk of unfair prejudice to the party opposing the stay. See Telesca, 2006 WL 1120636, at *1; In re Currency Conversion, No. MDL 1409, M21-95, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2005). Courts also may take into consideration the nature and complexity of the action, whether some or all of the defendants have joined in the request for a stay, the type of motion and whether it is a challenge as a matter of law or to the sufficiency of the allegations, and the posture or stage of the litigation. See Telesca, 2006 WL 1120636, at *1; Hachette Distribution, 136 F.R.D. at 358.

This Court has preliminarily reviewed the papers submitted

by the parties with respect to defendants' motion to dismiss. The defendants argue that plaintiff entered into a valid and enforceable arbitration agreement with AGF encompassing the claims at issue in this action. In response, plaintiff argues that the arbitration agreements apply only to current employees and that the agreement plaintiff signed after her employment commenced is not a valid contract.

The defendants have substantial arguments that would dispose of all the claims at issue in this action. Indeed, the federal courts have enforced AGF's arbitration agreement on several occassions in connection with employment disputes. <u>See</u>, <u>e.g.</u>, <u>Seawright v. Am. Gen. Fin. Servs., Inc.</u>, 507 F.3d 967 (6th Cir. 2007); <u>Hall v. Am. Gen. Fin. Servs., Inc.</u>, No. 03-5088 (W.D. Mo. 2004) (attached as Exh. F to Defs.' Motion to Dismiss); <u>Gamble v. Am. Gen. Fin., Inc.</u>, No. 01-8122 (N.D. Ill. 2002) (attached as Exh. G to Defs.' Motion to Dismiss); <u>Hughes v. Am. Gen. Fin. Corp.</u>, No. 01-5852 (N.D. Ill. 2001) (attached as Exh. H to Defs.' Motion to Dismiss): <u>Frier v. Am. Gen. Fin., Inc.</u>, No. 01-1130 (M.D. Fla. 2001) (attached as Exh. I to Defs.' Motion to Dismiss). In contrast, this Court does not find plaintiff's response to defendants' arguments persuasive.

In addition, there has been no showing that a stay of discovery would unduly delay the outcome of this case. According to defendants' counsel, the plaintiff has failed to serve her initial disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure even after this Court ordered her to do so at the

initial conference on December 17, 2008.  See Fed. R. Civ. P. 26(a)(1)(A)(i); letter to Court dated February 23, 2009 from Christina T. Tellado-Winston at 1 (ct. doc. 16); minute entry dated December 17, 2008.  That plaintiff is not conducting discovery expeditiously weighs in favor of granting a stay.  See Hachette Distrib., 136 F.R.D. at 359.  Conversely, while defendants have not shown that they will be unduly burdened by having to respond to plaintiff's discovery requests, resolution of the motion to dismiss may obviate the need for potentially onerous discovery.

In sum, after weighing the relevant factors, I find that defendants have established good cause to warrant a stay of all discovery pending the Court's ruling on defendants' motion to dismiss.

## CONCLUSION

For the foregoing reasons, the defendants' application for a stay is granted pending determination of their motion to dismiss plaintiff's complaint.  Accordingly, the conference on March 3, 2009 is canceled.

**SO ORDERED.**

Dated:   Brooklyn, New York
         February 26, 2009

/s/
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE